No. 12474

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

_____

H. J. NELSON, Executor of the Estate
of Nora Rennie, Deceased,

Plaintiff and Respondent,

-vs-

IOWA MUTUAL INSURANCE COMPANY,
a corporation,

Defendant and Appellant.

_____

Appeal from:   District Court of the Seventh Judicial District,
Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

For Appellant:

Leonard H. Langen argued, Glasgow, Montana

For Respondent:

Habedank, Cumming and Best, Sidney, Montana
Otto T. Habedank argued, Sidney, Montana

_____

Submitted:  September 25, 1973

Decided: OCT 26 1973

Filed: OCT 26 1973

Thomas J. Kearney
                                         Clerk

Hon. Peter G. Meloy, District Judge, sitting for Justice John Conway Harrison, delivered the Opinion of the Court.

Defendant, Iowa Mutual Insurance Company, appeals from a judgment for plaintiff, H. J. Nelson, Executor of the estate of Nora Rennie, deceased, rendered by the district court of the seventh judicial district, Richland County, in an action involving the interpretation of medical pay provisions of a family automobile insurance policy. The facts were stipulated.

On a night in November 1970, near Sidney, Montana, Nora Rennie was driving her car on a country road. The road was icy and a high wind was producing a ground blizzard. The temperature was eight degrees below zero. The car slipped off the road, coming to rest on a steep bank with the car's right side against a fence.

She got out of the car, slipped, and slid underneath the car. She regained her feet, moved to the rear of the car and fell again. She proceeded south behind the car and followed along the fence which was constructed of both barbed wire and sheep fence. For a short distance to the south of the rear of her automobile, Nora Rennie left a blood trail in the snow which may have come from a deep laceration on her left leg. In addition, she left blood trails on the fence which she was handling with her bloody hands. She followed the fence for a distance of 269 feet, after crossing and recrossing the fence. She fell into an irrigation ditch at which time she may have fractured or dislocated her ankle. She then began crawling back to her car and was found about 143 feet behind the car. Death was caused by frostbite and exposure as a consequence of the injury to the ankle, blood loss, shock and cold temperatures.

The insurance coverage applicable here was:

"To pay all reasonable expenses * * * including funeral services.

"To or for the named insured and each relative

who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident,

"(a)  while occupying the owned automobile. * * *

"Definitions.  'Occupying' means in or upon or entering into or alighting from."

Under the policy the executor made a claim for funeral expenses of $1,625, which was refused.  Suit was instituted.

The trial judge concluded that the language of the policy was ambiguous; was written by the defendant; and must be strictly construed against the defendant who is responsible for the ambiguity.  Recovery of the $1,625 was allowed.

Defendant specifies error on the part of the trial court in making its findings of fact, conclusions of law and judgment. The thrust of defendant's contention is that there is no ambiguity in the language of the policy and it does not cover the situation as disclosed by the facts stipulated.

There is no question but that there was an accident when the car slipped off the road.  There is no question but that there was some bodily injury.  As to when the bodily injury occurred, the agreed statement of facts merely conjectures.  The immediate cause of death was exposure and frostbite.

Defendant contends the language of the policy is clear and specifically provides that coverage is provided only when there is bodily injury while occupying the car or in entering the car or alighting from the car, and since there is no proof of bodily injury while occupying, entering or alighting from the vehicle there is no coverage.

It is plaintiff's position that the language of the policy is ambiguous in that it may be read just as reasonably that the "bodily injury" does not have to occur while "occupying", "entering", or "alighting from" the car, but only that the "accident" occur within such limitations and that any "bodily injury" occurring thereafter is covered as long as there is a proximate cause between the accident and the injury.

- 3 -

The accident occurred while the deceased was occupying the vehicle. The death occurred outside of the vehicle.

Many courts have dealt with the meaning of the words "while in or upon, entering or alighting from". From the numerous cases cited by both parties it appears that the courts do not give a literal interpretation of the words but do include, within the meaning of the language, acts which are in some reasonable manner connected with the use of the automobile, but not strictly in, upon, entering or alighting from it.

Defendant cites Carta v. Providence Washington Indemnity Company, 143 Conn. 372, 122 A.2d 734, 736. While this Court does not necessarily agree with the result reached by that court, the language used can provide a reasonable and workable rule of construction. The court said:

> "It is not reasonable to believe that the parties intended the coverage to end for one who gets both feet on the ground after emerging from the vehicle and, while then in the act, let us say, of closing the door is struck by a passing automobile. Some reasonable length of time must be allowed a person, after getting out, for the completion of acts which can reasonably be expected from those in similar situations." (Emphasis supplied)

It is a reasonable interpretation of the policy language to apply the rule of Carta to the factual situation here, where we have a car on a rural road going into a ditch at night. Blizzard conditions prevailed. The temperature was eight degrees below zero. A high wind chill factor was present. She expired because of the situation in which she was placed as a result of the accident.

Under the facts stipulated, the deceased's activities after the accident were solely directed to extricating herself from the car to a place of safety. Such activity was reasonably carried out and was reasonably connected with the operation of the vehicle.

The trial court found the language of the policy ambiguous and strictly construed it against the insurance company. The language is not specifically clear as to whether the bodily injury

must be while occupying, entering or alighting from the vehicle, or whether it is sufficient that the bodily injury occur while out of the vehicle as it apparently did in the instant case. The policy language does not define the terms "entering" or "alighting" in such manner as will encompass factual situations that of necessity will arise.

The language of the policy is not sufficiently definitive of the limits of liability and is thus ambiguous. It is the duty of the insurer to limit its liability by clear and unambiguous language. If it does not, then the language used by the insurer must be strictly construed against it. Section 13-720, R.C.M. 1947.

The judgment is affirmed.

_____
Hon. Peter G. Meloy, District
Judge, sitting for Justice John
Conway Harrison.

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 5 -