508

547 P.2d 1113

**Ellis STODDARD, Plaintiff-Appellant,**

v.

**"AID" INSURANCE CO. (MUTUAL), an Iowa Corporation, Defendant-Respondent.**

**No. 11784.**

Supreme Court of Idaho.

March 2, 1976.

Howard I. Manweiler, Boise, for plaintiff-appellant.

Phillip M. Barber, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendant-respondent.

SHEPARD, Justice.

This is an appeal from a summary judgment granted defendant insurance carrier in an action for medical payment coverage included in an automobile insurance policy. The question presented is whether plaintiff was an "occupant" of the vehicle at the time of the accident under the policy terms. The lower court held he was not and we reverse.

Plaintiff-appellant Ellis Stoddard was the insured under an automobile insurance policy issued by defendant-respondent AID Insurance Company. Stoddard was injured in a fire emanating from gasoline or gasoline vapors escaping from his automobile.

Aid refused to provide the $1,000 maximum medical coverage contained in the insurance policy. Following filing of this action, the magistrate court granted summary judgment to the defendant which was affirmed upon appeal to the district court.

■ Since this appeal is from summary judgment below, our view of the facts and all reasonable inferences to be drawn therefrom must favor plaintiff. I.R.C.P. 56(c) *Jacoby v. Capaldi*, 93 Idaho 39, 454 P.2d 602 (1969); *Merrill v. Duffy Reed Construction Co.*, 82 Idaho 410, 353 P.2d 657 (1960). We therefore view the facts as follows. Stoddard is and has been a long time paraplegic. He owned an automobile equipped with special devices necessary to permit operation by a paraplegic. On March 10, 1974, he and a friend, Mrs. Evans, had taken a short trip and had returned to the Stoddard home. As he approached the garage, he activated a remote control device raising the garage door and drove the car into the garage. The door was then closed by the same device. Because of his paraplegic condition, Stoddard had a portable wheelchair in the backseat of the automobile and another larger wheelchair in the garage positioned at a point where it would be available when he exited the car. Stoddard turned off the automobile ignition, opened the left front door of the vehicle and began to exit by using various portions of the car to hoist himself into the wheelchair previously located in the garage. At this point either he or his friend heard a hissing sound and smelled what was believed to be leaking gasoline. Stoddard positioned himself in the wheelchair with his hand still on or around the post between the front and rear door of the vehicle. He travelled approximately 4 feet toward the left rear fender by grasping the automobile and pulling himself along. The precise location of his left hand on the vehicle at that time is in question, but his right hand was used to inspect the gas tank cover. At that point he noticed flame. His friend activated the automatic garage door opening device

and Stoddard exited the garage, being burned in that process.

The terms of the policy provide payment for "all reasonable [medical] expenses incurred within one year" of the accident by the insured "who sustains bodily injury * * * caused by an accident." The provisions of the policy provide that the accident must occur while the insured is "occupying" the vehicle. The policy further defines "occupying" to mean "in or upon or entering into or alighting from." The lower court in this case held as a matter of law that Stoddard was in none of these postures when he was injured.

■ The provisions of an insurance policy are to be liberally construed in favor of the insured. As stated in *Erikson v. Nationwide, etc., Ins. Co.*, 97 Idaho 288, 543 P.2d 841 (1975):

"It is a long established precedent of this Court to view insurance contracts in favor of their general objectives rather than on a basis of strict technical interpretation of the language found therein. Where language may be given two meanings, one of which permits recovery and the other does not, it is to be given the construction most favorable to the insured. Stated somewhat differently, an insurance contract is to be construed most favorably to the insured and in such a manner as to provide full coverage for the indicated risks rather than to narrow protection. This Court will not sanction a construction of the insurer's language that will defeat the very purpose or object of the insurance."

See also *Corgatelli v. Globe Life and Acci. Ins. Co.*, 96 Idaho 616, 533 P.2d 737; *Rollefson v. Lutheran Brotherhood*, 64 Idaho 331, 132 P.2d 758 (1942); *Mayflower Ins. Exchange v. Kosteriva*, 84 Idaho 25, 367 P.2d 572 (1961); *Shields v. Hiram C. Gardner, Inc.*, 92 Idaho 423, 444 P.2d 38 (1968); *Lewis v. Continental Life and Acci. Co.*, 93 Idaho 348, 461 P.2d 243 (1969); *Toevs v. Western Farm Bureau Life Ins. Co.*, 94 Idaho 151, 483 P.2d 682 (1971); *Abbie Uriguen Olds-*

*mobile Buick, Inc., v. United States Fire Ins. Co.,* 95 Idaho 501, 511 P.2d 783 (1973).

■ The policy provisions at issue here do not appear to be unusual nor one of a kind, but rather appear standard and utilized throughout the insurance industry. There exists a wide spectrum of decisions construing identical or similar policy provisions. The import of those decisions appears to be that an insured is not held to be an "occupant" in the terms of "alighting from" the vehicle if he has completed all acts normally performed under similar circumstances and has embarked upon an entirely distinct course of conduct. Correlatively, if the insured has not completed all acts that could reasonably be expected from one in a similar situation and has not embarked on a course of conduct entirely different from that reasonably necessary to make an exit from his car, he is construed to be still in the process of "alighting from" the car.

In *Nelson v. Iowa Mutual Ins. Co.,* 163 Mont. 82, 515 P.2d 362 (1973), the insured was travelling in a blizzard when the car became disabled and she left it to seek shelter. She was blinded by the snow but walked 269 feet away from the car during which time she sustained serious injuries. She then attempted to return to the car and travelled a distance of 143 feet before she collapsed and died of exposure. The court there held the insured to be covered under policy provisions identical to those in the case at bar. In *Lokos v. New Amsterdam Casualty Co.,* 197 Misc. 40, 93 N.Y.S.2d 825 (1949), the court held coverage for an insured where he had stopped the car, exited therefrom and was making repairs to the car at the time of the accident. See also, *Madden v. Farm Bureau Mut. Auto. Ins. Co.,* 82 Ohio App. 111, 79 N.E.2d 586 (1948). In *Katz v. Ocean Acc. & Guarantee Corp.,* 202 Misc. 745, 112 N.Y.S.2d 737 (1952), an insured was held to be an occupant under policy similar to the case at bar. There, she had alighted from the car and was locking it. She felt threatened by the approach of another

vehicle and therefore ran to the rear of her car. The oncoming vehicle struck her car which in turn was pushed into her thereby causing injuries. In *St. Paul Mercury Indemn. Co. v. Broyles,* 230 Miss. 45, 92 So.2d 252 (1957), the court had under consideration the same policy language as in the case at bar. There, the insured had driven his car in his garage, walked behind the car and was struck by it when it rolled backwards. The court there held policy coverage. See also *Sherman v. New York Casualty Co.,* 78 R.I. 393, 82 A.2d 839 (1951).

We are aware of cases under policy provisions identical or circumstantially similar to the case at bar which are contrary to our holding. However, we deem most, if not all, those cases distinguishable. In *Ferguson v. Aetna Casualty & Surety Co.,* 369 S.W.2d 844 (Tex.Civ.App.1963), a plaintiff (not the owner or operator of the vehicle) while walking through a parking lot struck herself on the door handle of another's car, slipped and received injuries. The court there held that physical contact with a vehicle in and of itself does not satisfy the term "occupant" as being "upon" the vehicle. In *Goetz v. General Accident Fire & Life Assur. Corp.,* 47 Misc.2d 67, 262 N.Y.S.2d 305 (1965), the plaintiff while operating the vehicle was stopped by robbers who pulled him from the car, robbed and stabbed him. The court held that he was not "occupying" the car within the purpose of the policy since the assault was not in any way connected with the use of the automobile. See also *Ross v. Protective Indemn. Co.,* 135 Conn. 150, 62 A.2d 340 (1948); *New Amsterdam Casualty Co. v. Fromer,* 75 A.2d 645 (D.C.Mun.App.1950); and *Carta v. Providence Washington Indemn. Co.,* 143 Conn. 372, 122 A.2d 734 (1956).

■ In the instant case Stoddard had not completed all acts which could reasonably be expected from those in similar situations nor had he completed all acts which would be normally performed in getting out of the automobile. When he drove the car into the garage, he positioned it to the

extreme right because of the waiting wheel-chair on the left into which he intended to hoist himself. While starting to "alight" from the vehicle, he found himself in an emergency situation. He was a paraplegic dependent upon a wheelchair and faced with the imminent danger of a fire or explosion resulting from escaping gas or gas fumes within a closed area in which there was an open flame. His passenger was unable to exit from the door on the passenger side because of the position of the automobile in the garage. Since he was unable to readily enter and exit the car he would ordinarily gather up articles of clothing and packages at the same time he hoisted himself into the wheelchair. Under ordinary circumstances when he exited from his car he would then close the car door since otherwise he would be unable to enter his house. In the instant circumstance, however, he left his passenger, a dog, packages and articles of clothing in the car and also failed to close the car door.

As noted by both of the lower courts the instant circumstances pose a "close" case. The insured at the time of the accident had remained in substantial physical contact with the vehicle, was engaged in acts not merely incidental but which resulted from an involvement with the vehicle as a means of transportation. The acts came within the time framework permitted a person for the completion of acts which could be reasonably expected from those in a similar situation. Hence, in accordance with the authorities which require insurance policy provisions to be interpreted and construed liberally in favor of the insured, we find the trial court erred in entering summary judgment.

The summary judgment entered by the magistrate court and affirmed by the district court in favor of the insurer is reversed and the cause is remanded. Costs to appellant.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.