KANTOLA, A MINOR, ET AL., *v.* STATE FARM INSURANCE ET AL.

(No. 79-0140-F—Decided November 14, 1979.)

Ashtabula Municipal Court.

*Mr. Eugene Bleiweiss,* for plaintiff.

*Mr. James J. Dyson,* for defendant Personal Service Ins. Co.

*Mr. Henry A. Hentemann,* for defendant State Farm Ins.

OLSEN, J.   Ronald Kantola, a minor child, was riding a Conneaut School bus. The child exited the bus on the west side of the road and was struck by a motor vehicle while crossing the road toward the east side of the road.

Defendant, Personal Service Insurance Company, had a policy of liability insurance on the Conneaut school bus, with a "no fault" medical payment clause covering persons "occupying" the school bus.

Defendant, State Farm Insurance Company, had a policy of liability insurance which provided "no fault" medical payments if its insured, Ronald Kantola, was struck by a motor vehicle, but this coverage would be secondary if Ronald Kantola was occupying the school bus.

The single issue presented for decision is whether Ronald Kantola was "occupying" the school bus when struck by a motor vehicle while going to the curb after getting off the school bus.

The policies of insurance involved define "occupying" to mean: "In, or upon or entering into or alighting from." The word, occupying, has four different meanings or definitions in Webster's New World Dictionary, 2nd Edition. However, rather than confining the meaning, or scope of "occupying" to

a dictionary definition, the insurance policy goes further by furnishing the broader scope or definition: "alighting from."

As has been stated many times, an "insurance contract will be construed most strongly against the party who framed it." *Tyler* v. *Insurance Co. of North America* (N.D. Ala. S.D. 1974), 381 F. Supp. 1356.

In *Robson* v. *Lightning Rod Mut. Ins. Co.* (1978), 59 Ohio App. 2d. 261, the Court held: "* * * occupied * * * should take into account the immediate relationship the claimant had to the vehicle, within a reasonable geographic perimeter." In *Tyler* v. *Insurance Co., supra,* it was stated: "An insured is not in the process of alighting within meaning of insurance policy covering injuries suffered while alighting from an automobile, if, at the time of the accident, he has completed all acts normally performed by persons getting out and away from the automobile under similar circumstances and if he has embarked on conduct entirely distinct from acts reasonably incident to making an exit out of and away from the automobile". *Stoddard* v. *"AID" Insurance Co.* (1976), 97 Idaho 508, 547 P. 2d 1113, 1116, held: "The insured at the time of the accident had remained in substantial physical contact with the vehicle, was engaged in acts not merely incidental but which resulted from an involvement with the vehicle as a means of transportation. The acts came within the time framework permitted a person for the completion of acts which could be reasonably expected from those in a similar situation.* * *"

From the foregoing authorities, three criteria arise to come within the expanded coverage afforded by the policy definition of occupying. To qualify for the medical payment provisions the injury must be within a reasonable time incident to making an exit out of and away from the vehicle; the injury must be within a reasonable geographic perimeter; and the claimant must suffer the injuries as a part of the process of the use of the vehicle and not have started a course of conduct unrelated to the use of the vehicle for transportation.

The stipulated facts fail to give time and distance. However, it may be inferred that time was within seconds and distance is less than the width of Middle Road.

The course of conduct of discharging a pupil from a school bus is governed by R. C. 4511.75(E), which provides that: "No school bus driver shall start his bus until after any

child***who may have alighted therefrom has reached a place of safety on his residence side of the road."

No person would seriously argue that coverage would be denied if this child had been struck by a motor vehicle passing the school bus on the right hand side as the child took a step or two in reaching the edge of the road. Coverage should not depend on whether the school bus rider lives on the right or left side of the street.

It is the court's opinion that "alighting from" a school bus means to reach a place of safety. In this case a pupil was exiting from a school bus and the act of exiting from the school bus continues until the pupil reaches a place of safety on the residence side of the road. The course of conduct of "alighting from" a school bus includes reaching the side of the street of the pupil's residence since it is a course of conduct reasonable incident to exiting and alighting from a school bus. Crossing the street to a position of safety, with the stopped school bus as a protective measure, is within the time framework, which could be reasonably expected.

In *Whitmire* v. *Nationwide Mut. Ins. Co.* (1970), 254 S.C. 184, 174 S.E. 2d 391, the court stated: "Where passenger was struck while within two or three feet of automobile while he was proceeding promptly to shoulder of highway and adjacent yard immediately after descending from vehicle on paved portion of highway and where passenger had started to run to escape danger of oncoming vehicle, passenger was engaged in alighting from automobile at time of his injury within meaning of uninsured motorist coverage for person in, upon, entering into or alighting from insured vehicle at time of injury."

The court finds that Ronald Kantola was occupying the school bus within the meaning of the definition for medical payment coverage when struck by a motor vehicle while going to the curb upon exiting the school bus.

*Judgment for plaintiff.*