Argued and submitted January 11, affirmed April 20, 1988

MACKIE et al,
*Appellants,*

*v.*

UNIGARD INSURANCE COMPANY,
*Respondent.*

(A8604-02342; CA A44237)

752 P2d 1266

Jan K. Kitchel, Portland, argued the cause for appellants. On the briefs were Cecilia Lee and Schwabe, Williamson & Wyatt, Portland.

Michael A. Lehner, Portland, argued the cause for respondent. With him on the brief was Bottini, Bottini & Lehner, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiffs Mackie and Fireman's Fund Insurance Company (Fireman's Fund) appeal from a summary judgment in favor of defendant Unigard Insurance Company (Unigard) which dismissed their complaint seeking a declaratory judgment that Mackie's injuries were covered under Unigard's uninsured motorist policy. They contend that the trial court erred in holding that Mackie was occupying her car when she was struck by an uninsured motorist. We affirm.

The case was submitted to the trial court on stipulated facts. In January, 1984, Mackie drove her car to her father's home to attend a birthday party. She parked on the right side of the street, turned off the lights and engine, got out of the car and shut the door. She then walked to the rear of the car to remove a packaged gift from the trunk. She inserted the key and opened the trunk. At that moment, a car driven by an uninsured motorist ran into Mackie, injuring her legs. Mackie's car was insured by Fireman's Fund under a policy providing for uninsured motorist coverage. Mackie was also an insured under her mother's Unigard policy, which also provides uninsured motorist coverage. Both policies provide for proration of coverage. However, the Unigard policy provides that an insured who sustains injuries while "occupying" the automobile is excluded from its coverage. The parties filed cross-motions for summary judgment on the issue of whether Mackie was "occupying" her car when she was struck. The trial court held that she was and entered judgment for Unigard.

Unigard's policy exclusion, which is based on ORS 743.792(4)(b), states:

> "This coverage does not apply to bodily injury to an insured while occupying a vehicle (other than an insured vehicle) owned by, or furnished for the regular use of, the named insured or any relative resident in the same household, or through being struck by such a vehicle."

Although we have not interpreted "occupying" under the uninsured motorist section of the code, we have done so under the personal injury protection (PIP) section in *State Farm Ins. Co. v. Berg,* 70 Or App 410, 689 P2d 959 (1984), *rev den* 298 Or 553 (1985). That interpretation is relevant, because "occupying" is defined the same way in the uninsured

motorist and PIP sections of the insurance code. ORS 743.792(2)(i); ORS 743.800(7)(c).

■ Initially, however, we must determine whether, as plaintiffs contend, the policy definition of "occupying" is narrower than the statutory definition. As plaintiffs correctly point out, under ORS 743.792 a policy of uninsured motorist coverage must be at least as favorable to the insured as is the statute, but it may be more favorable. Unigard's policy defines "occupying" as "in, upon, getting in, on, out or off." Plaintiffs argue that the definition is narrower than the one in ORS 743.792(2)(i): "in or upon or entering into or alighting from." We disagree. The policy definition of occupying includes getting out of or off the car while the statutory term "alight" means "to spring down, get down, or descend (as from horseback or from a vehicle) * * *." *Webster's Third New International Dictionary* 53 (1976). There is no material difference between the policy and the statutory definitions.

■ In the alternative, plaintiffs rely on *State Farm Ins. Co. v. Berg, supra,* in arguing that Mackie was not occupying her car when she was struck. Berg was thrown from her car by the impact of a collision. She landed in a lane of freeway traffic and remained stationary except for an attempt to move her head and arm. State Farm's insured then ran over her. Under State Farm's policy, Berg was entitled to personal injury protection (PIP) if she was not occupying her vehicle when she was struck. The policy did not define "occupying," but the parties agreed that the applicable definition was the one found in ORS 743.800(7)(c):

> " 'Occupying' means in, or upon, or entering into or alighting from."

With the aid of decisions from other jurisdictions that focus on the "alighting from" language, we adopted the test that

> "a person remains an 'occupant' of a vehicle until the person has completed all acts reasonably expected to be performed under the circumstances or reasonably incidental to the disembarking process and commences a new course of conduct." 70 Or App at 415.

*See Stoddard v. "AID" Insurance Co. (Mutual),* 97 Idaho 508, 547 P2d 1113 (1976); *Kantola v. State Farm Ins.,* 62 Ohio Misc 11, 405 NE2d 744 (1979). We reasoned:

"Following her involuntary ejection from her vehicle, Berg landed in a traffic lane where, except for attempting to lift her head and right arm, she remained stationary. From the time she landed on the highway until the time she was struck by Miller's vehicle, she was apparently not ambulatory. In our opinion, those facts permit no other conclusion but that Berg at that point had completed all acts that a person in her circumstances reasonably would be expected to have done. She had gone as far as she was going to go in leaving her vehicle; in fact, as far as she could go. She was not 'alighting' from the vehicle; she had 'alighted.' That she then did not seek a place of safety or embark on a different course of conduct is not dispositive; she was unable to do so. We find that Berg completed the 'alighting' process upon coming to rest on the pavement. From then on she no longer was 'occupying' her vehicle * * *." 70 Or App at 416.

Our discussion of cases from other jurisdictions is also helpful.

"We find those decisions which focus on the words 'alighting from' most noteworthy. In *Stoddard v. "AID" Insurance Co. (Mutual), supra,* the insured, a paraplegic, had parked his car in a garage and begun to get out of it by hoisting himself into a wheelchair when he noted leaking gasoline; he traveled toward the rear of the car by grasping it and pulling himself along, inspected the gas tank cover, and then noticed flames. He was burned while leaving the garage. In determining whether the insured was covered under a policy provision that defined 'occupying' as 'in or upon or entering into or alighting from,' the court held that he was 'occupying' the car in terms of 'alighting from' it because he had not completed all acts that could reasonably be expected from those in similar situations, nor all acts which would normally be performed in leaving the car, and he had not embarked upon an entirely distinct course of conduct. (He had not taken his packages with him and had not closed the car door.) 97 Id at 511. *Kantola v. State Farm Insurance, supra,* was an action to recover for injuries sustained by a child who was struck by a motor vehicle while crossing the road after getting off a school bus. The issue before the court was whether the child was 'occupying' the bus when injured; the policies of insurance defined 'occupying' to include 'alighting from.' The court held that 'alighting from' a school bus included reaching a place of safety, because that is a course of conduct reasonably incidental to leaving and alighting from a school bus, which was statutorily required to remain stopped as a protective measure until the child reached such a place. 62 Ohio Misc at 13." 70 Or App at 415.

Under the facts of this case, Mackie had left the inside of the car but, rather than embarking on a new course of conduct, she opened the trunk for the purpose of retrieving a birthday gift. Because opening a trunk for the purpose of removing objects is a course of conduct reasonably incidental to leaving and alighting from a car, we conclude that she was occupying her car when she was struck by the uninsured motorist.

Affirmed.