**Paul David DeSTEFANO, Plaintiff and Respondent,**

v.

**OREGON MUTUAL INSURANCE COMPANY and Mid–Century Insurance Exchange, Defendants and Appellant.**

**No. 880085–CA.**

Court of Appeals of Utah.

Oct. 20, 1988.

Donald J. Purser (argued), J. Angus Edwards, Salt Lake City, for defendants and appellants.

H. Ralph Klemm (argued), Salt Lake City, for plaintiff and respondent.

Don J. Hanson, Salt Lake City, for Mid Century Ins.

Before DAVIDSON, BENCH and GREENWOOD, JJ.

OPINION

BENCH, Judge:

Defendant appeals from a trial court's order of summary judgment entered in favor of plaintiff in a declaratory action on an insurance policy. Two issues are raised on appeal. First, did issues of fact preclude entry of summary judgment? Second, did plaintiff "occupy" the insured vehicle at the time of the accident within the meaning of Oregon law? We affirm.

Defendant Oregon Mutual Insurance Company (Oregon Mutual), an Oregon cor-

poration, issued an automobile policy to Rod and Deanna Cooper, residents of Oregon, as named insureds. Three automobiles were covered under the policy, including a 1978 Ford Pinto.

With the permission of the Coopers, David Hancock, a relative, drove the Pinto to Utah in order to paint and sell it for them. Hancock worked with plaintiff at Wagstaff's Toyota in Salt Lake City. On November 17, 1984, plaintiff drove the Pinto to Davis County to show it to a friend, Tina Larkin, and her parents, who were interested in purchasing a car. After taking a test drive, the Larkins made an offer to purchase the Pinto.

Plaintiff and Larkin then returned to Salt Lake County on Interstate 15. As they approached 9000 South, the Pinto ran out of gas. They pulled off the shoulder of the freeway and parked. Plaintiff walked to a service station where he telephoned Hancock for assistance. Hancock drove to the service station, and, together with plaintiff, purchased some gasoline in a portable container. Plaintiff and Hancock returned in Hancock's car and parked behind the stalled Pinto. Plaintiff had been gone no more than twenty minutes. Plaintiff got out of Hancock's car, opened the driver's door of the Pinto, and handed Larkin two containers of hot chocolate. Hancock removed the Pinto's gas cap using his key, and plaintiff began pouring gasoline into the tank. Another vehicle traveling on the freeway then struck the rear of Hancock's car, pushing it forward into the Pinto and severely injuring plaintiff. The driver of the third vehicle was uninsured.

Plaintiff filed an action for a declaratory judgment seeking benefits from either Oregon Mutual, Coopers' insurer, or from Mid–Century Insurance Exchange (Mid–Century), Hancock's insurer. The trial court denied Oregon Mutual's initial motion for summary judgment without prejudice in order to allow further discovery. Subsequently, Oregon Mutual, Mid–Century, and plaintiff all filed motions for summary judgment. No affidavits were filed by the respective parties in opposition to these motions.

After a hearing, the trial court granted plaintiff's motion against Oregon Mutual, denied plaintiff's motion against Mid–Century, denied Oregon Mutual's motion, and granted Mid–Century's motion. Oregon Mutual appealed from the summary judgment entered in favor of plaintiff. Mid–Century is not a party to this appeal.

## SUMMARY JUDGMENT

Oregon Mutual argues on appeal that the trial court should not have entered summary judgment in favor of plaintiff and against Oregon Mutual because "discovery had not been undertaken on the remaining issues in the case." Oregon Mutual claims that certain factual issues, which would have been rendered moot by entry of summary judgment for Oregon Mutual, required resolution before plaintiff could prevail on his summary judgment motion.

Summary judgment is available whenever there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ. P. 56(c). The fact that opposing parties file motions for summary judgment, however, does not necessarily mean a case may be decided as a matter of law. "Cross-motions for summary judgment do not *ipso facto* dissipate factual issues, even though both parties contend for the purposes of their motions that they are entitled to prevail because there are no material issues of fact." *Amjacs Interwest, Inc. v. Design Associates,* 635 P.2d 53, 55 (Utah 1981); *see also Diamond T. Utah, Inc. v. Travelers Indem. Co.,* 21 Utah 2d 124, 441 P.2d 705 (1968). "This is so because by the filing of a motion a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the event his adversary's theory is adopted." *Nafco Oil and Gas, Inc. v. Appleman,* 380 F.2d 323, 325 (10th Cir.1967). "Nonetheless, cross motions may be probative of the non-existence of a factual dispute when ... they demonstrate a basic agreement concerning what legal theories and material facts are dispositive." *Schlytter v. Baker,* 580 F.2d 848, 849 (5th Cir.1978).

Accordingly, the Utah Supreme Court has held that, in appropriate cases, cross-motions for summary judgment may preclude the loser from later challenging the entry of summary judgment. In *Mastic Tile v. Acme Distributing Co.*, 15 Utah 2d 136, 389 P.2d 56 (1964), the court stated:

> Both sides laid the matter in the lap of the court by their mutual motions, and under the facts of this particular case unequivocally invited and authorized the court to decide the case by interpreting the documents. This the court did. Having done so in a case like this, where interpretation of the writings was the only issue, we do not think the court should be required to submit to the subsequent urging of the loser that although he took his chances without reservation, he must have another go at the case,—although it is conceivable that in some other and unusual case this might be so.

389 P.2d at 57.

■ Similarly, given the procedural posture of this case, the trial court properly decided the matter on summary judgment. Oregon Mutual filed an initial motion for summary judgment which the lower court denied in order to permit further discovery. Later, plaintiff and defendant filed cross-motions for summary judgment and plaintiff prevailed. Neither party filed affidavits opposing entry of summary judgment for the other, nor otherwise disputed the facts as proposed. Rather, both parties agreed on the facts and asked the trial court to interpret and apply Oregon law to those facts. The parties still concede on appeal that the facts are "virtually undisputed." Because the parties relied on the same facts and proceeded on the same legal theory at trial, neither party may now defeat the summary judgment by claiming the existence of undeveloped facts. We,

therefore, hold that there is no genuine issue of material fact that would preclude entry of summary judgment.

## OREGON LAW

■ The parties agreed that the outcome of the declaratory judgment turned on the interpretation of Oregon law. The parties also agreed that plaintiff was seeking benefits only under the uninsured motorist provisions of the Coopers' Oregon Mutual automobile insurance policy.* The trial court concluded that plaintiff was injured while he was an occupant of an insured vehicle and was thus entitled to uninsured motorist benefits. "[B]ecause a summary judgment is granted as a matter of law rather than fact, we are free to reappraise the trial court's legal conclusion." *Lucky Seven Rodeo Corp. v. Clark*, 755 P.2d 750, 752 (Utah App.1988).

Under Oregon Rev.Stat. § 743.792(2)(a) (1987), "insured" persons for purposes of uninsured motorist benefits are limited to named insureds, relatives in the same household, and any other person occupying an insured vehicle. The term "occupying" is defined as "in or upon or entering into or alighting from" an insured vehicle. Oregon Rev.Stat. § 743.792(2)(i) (1987).

Although the Pinto was an insured vehicle, plaintiff was neither a named insured nor a relative residing in the same household. Nonetheless, under the remaining provision of the Oregon statute, plaintiff would be an insured person if he was found to be "in," "upon," "entering into," or "alighting from" the insured vehicle. The issue presented for review is whether the trial court erred in finding that plaintiff was "occupying" an insured vehicle at the time he was struck and injured, and was, therefore, entitled to benefits.

---

* Originally, plaintiff sought benefits under any provision of the insurance policy. The policy included coverage for personal injury protection benefits, bodily injury liability, property damage liability, medical payments benefits, physical damage compensation, and uninsured motorists coverage. The policy on the Pinto also contained an endorsement excluding coverage for any loss sustained by a driver under the age of 25 and who was not a member of the Coopers' immediate family. Plaintiff, Hancock, and Larkin were all under 25 years of age at the time of the accident. It was subsequently determined that the Oregon Supreme Court had voided as a matter of public policy all such "young driver limitations" as applied to uninsured motorist benefits. *Hartford Acc. & Indem. Co. v. Dairyland Ins. Co.*, 274 Or. 145, 545 P.2d 113 (1976). Thereupon, plaintiff limited his claim to uninsured motorist benefits.

Both parties cited *State Farm Mutual Auto. Ins. Co. v. Berg,* 70 Or.App. 410, 689 P.2d 959 (1984), *rev. den.* 298 Or. 553, 695 P.2d 49 (1985), as the only recent Oregon case interpreting the term "occupying." The Court of Appeals of Oregon has since decided *Mackie v. Unigard Insurance Co.,* 90 Or.App. 500, 752 P.2d 1266 (1988). While *Berg* interpreted "occupying" under the personal injury protection section of the Oregon insurance code, *Mackie* interpreted "occupying" under the uninsured motorist section. Both cases focus on the issue of when an individual has completed the act of "alighting from" a vehicle so as to be considered no longer occupying it.

In the instant case, plaintiff had not only exited the vehicle, but was gone as long as twenty minutes before returning in *another* vehicle. As we interpret *Berg* and *Mackie,* plaintiff had clearly alighted from the Pinto and could no longer be considered occupying it under that aspect of the Oregon statute.

A review of the record leads us to conclude that plaintiff was, however, occupying the Pinto at the time the accident occurred. Plaintiff had returned to the scene, opened the driver's door of the Pin-to, and handed Larkin two containers of hot chocolate. Hancock had removed the Pinto's gas cap, and plaintiff was pouring gasoline into the tank when he was struck and injured. It is clear from these facts that plaintiff had every intention of immediately resuming his journey, and was in the process of doing so. All of these actions suggest a course of conduct reasonably incidental to being "in, upon, or entering into" the vehicle. *Cf. Mackie,* 752 P.2d at 1269. Under any of these remaining definitional terms of the Oregon statute, we conclude plaintiff was occupying the Pinto, and was, therefore, entitled to uninsured motorist benefits.

The decision of the trial court is affirmed.

DAVIDSON and GREENWOOD, JJ., concur.