In the Matter of the Arbitration between TRAVELERS INSURANCE COMPANY, Respondent, and JAMES YOUDAS, Appellant. [787 NYS2d 475]—

Mercure, J.P. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered April 23, 2004 in Broome County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In October 2002, a vehicle struck respondent from behind as he was leaning into the rear of a delivery van to unload medical supplies for delivery. Respondent had just stopped the vehicle, exited, and walked to the rear of the van to retrieve the supplies. Respondent was pinned between the two vehicles, crushing his legs and causing substantial personal injuries. Respondent sought supplementary uninsured/underinsured motorist (hereinafter SUM) coverage from petitioner, the insurer of his employer's delivery van. After petitioner denied the claim, respondent requested SUM arbitration and petitioner filed to stay the intended arbitration pursuant to CPLR 7503 (b). Supreme Court granted the petition, concluding that respondent was not covered under the insurance policy issued by petitioner to the employer because respondent was not occupying the van at the time of the accident. Respondent appeals and we now reverse.

The SUM endorsement in petitioner's policy provides that an individual is an "insured" if, among other things, he or she is "occupying" a covered motor vehicle. "Occupying" is defined by the policy as "in, upon, entering into, or exiting from a motor vehicle" (*see generally* Insurance Law § 3420 [f] [3]). We note that the term has long received a liberal interpretation (*see Rowell v Utica Mut. Ins. Co.*, 77 NY2d 636, 639 [1991]) and, thus, "the status of passenger is not lost even though [an individual] is not in physical contact with [the vehicle], provided there has been no severance of connection with it, his [or her] departure is brief and he [or she] is still vehicle-oriented with the same vehicle" (*Matter of Rice v Allstate Ins. Co.*, 32 NY2d 6, 11 [1973]). For example, where a person parks, gets out of a car and walks to the rear of the vehicle to remove a gift from the trunk, the person is still "occupying" the vehicle because "opening a trunk for the purpose of removing objects is a course of conduct reasonably incidental to leaving and alighting from a car" (*Mackie v Unigard Ins. Co.*, 90 Or App 500, 505, 752 P2d 1266, 1269 [1988]).

Under the circumstances, we conclude that respondent, who had just exited the vehicle and was in the process of unloading the van to make his delivery, had not yet severed his connection with the van and was still vehicle-oriented at the time he was struck. That is, he was still in the process of alighting or exiting from the van and, contrary to petitioner's argument, his conduct in unloading the van was not part of a new or separate course of conduct unrelated to the vehicle (*see Matter of Allstate Co. v Flaumenbaum*, 62 Misc 2d 32, 44-47 [1970]; *see also Mackie v Unigard Ins. Co., supra* at 504-505, at 1268-1269 [1988]). Accordingly, while we agree with petitioner that respondent's mere

intent to return to the van and continue his journey after he had finished delivering the medical supplies would not be, in itself, sufficient to render him a passenger of the vehicle if he had otherwise severed his connection with the vehicle (*see e.g. Matter of Coregis Ins. Co. v Miceli*, 295 AD2d 511, 511 [2002]; *Matter of Martinez [Motor Veh. Acc. Indem. Corp.]*, 295 AD2d 277, 278 [2002]; *Matter of Saunderson v Motor Veh. Acc. Indem. Corp.*, 54 AD2d 936, 936 [1976]), respondent was nevertheless insured as an occupant under the policy because he had not yet completed exiting the van.

Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and application denied.