■ SAMUEL FARAGON, Respondent, v AMERICAN HOME ASSURANCE COMPANY, Appellant, and NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent. [859 NYS2d 301]—

Lahtinen, J. Appeal from an order and judgment of the Supreme Court (Hard, J.), entered August 8, 2007 in Albany County, which, among other things, denied a motion by defen-

dant American Home Assurance Company for summary judgment dismissing the complaint against it and entered a declaration in favor of plaintiff.

Plaintiff, a truck driver, was struck by a hit-and-run driver while standing on the street in the City of Albany after unloading construction equipment from the tractor-trailer owned by his employer and insured by defendant American Home Assurance Company. He filed a supplementary uninsured/underinsured motorist (hereinafter SUM) claim with American and also with defendant Nationwide Mutual Insurance Company, which was his insurer. American denied the claim asserting that plaintiff was not covered by its policy because he was not "occupying" the vehicle at the time of the accident. Nationwide contended that plaintiff was covered by American and that its coverage was thus secondary. Plaintiff commenced this declaratory judgment action against American and Nationwide, and both insurers eventually moved for summary judgment. Supreme Court determined that plaintiff was "occupying" the vehicle and, accordingly, denied American's motion for summary judgment dismissing the complaint, declared that plaintiff was an insured under the SUM endorsement of American's policy and declared American's coverage to be primary to Nationwide. American appeals.

The pertinent SUM endorsement in American's policy provides coverage for an individual "occupying" a covered vehicle. The term "occupying" is further defined in American's policy—consistent with the regulatory and statutory requirement (*see* 11 NYCRR 60-2.3 [f]; *see also* Insurance Law § 3420 [f] [3])—to include "in, upon, entering into, or exiting from a motor vehicle." Interpreting the term "occupying" has resulted in differing tests in various jurisdictions (*see* 24 Holmes' Appleman on Insurance 2d § 148.1 [C]; Jacqueline G. Slifkin, Annotation, *Automobile Insurance: What Constitutes "Occupying" Under Owned-Vehicle Exclusion of Uninsured- or Underinsured-Motorist Coverage of Automobile Insurance Policy*, 59 ALR5th 191). However, in New York "the term has long received a liberal interpretation and, thus, 'the status of passenger is not lost even though [an individual] is not in physical contact with [the vehicle], provided there has been no severance of connection with it, his [or her] departure is brief and he [or she] is still vehicle-oriented with the same vehicle' " (*Matter of Travelers Ins. Co. [Youdas]*, 13 AD3d 1044, 1045 [2004] [citation omitted], quoting *Matter of Rice v Allstate Ins. Co.*, 32 NY2d 6, 11 [1973]; *see Rowell v Utica Mut. Ins. Co.*, 77 NY2d 636, 639 [1991]).

Here, plaintiff was off-loading a 44,000 pound, 50-to-55-foot-

long boom lift from a 70-foot tractor-trailer. The procedure involved many steps, including setting out safety cones, unchaining the boom lift, folding out and inserting pins in the jib, inspecting the basket, lowering the trailer, backing the machine off the trailer, and securing and extending axle shifts. Plaintiff had completed these steps, which he testified at his deposition typically took 20 to 30 minutes. He further testified that, after removing and readying the boom lift, he next trains the person renting it on the proper operation of the equipment, a procedure he estimated to take 30 to 35 minutes. He recalled during his testimony that, in the current situation, he had been training the person who was going to operate the equipment for 10 to 15 minutes when the accident occurred. Although the tractor-trailer reportedly remained running during the entire time and plaintiff's affidavit sets forth a more condensed time frame than his deposition for his activities at the site, it is inescapable that he was no longer vehicle-oriented. His absence from the vehicle was not intended to be brief and, at the time of the accident, he was engaged in instructing the lessee about the operation of the delivered equipment. Under such circumstances, he was no longer "occupying" his employer's vehicle (*see Matter of Martinez*, 295 AD2d 277, 278 [2002]; *Matter of State Farm Auto. Ins. Co. v Antunovich*, 160 AD2d 1009, 1010 [1990]; *cf. Matter of Travelers Ins. Co. [Youdas]*, 13 AD3d at 1045-1046; *Matter of Nassau Ins. Co. [Maylou]*, 103 AD2d 780, 780 [1984]; *State-Wide Ins. Co. v Murdock*, 31 AD2d 978, 978-979 [1969], *affd* 25 NY2d 674 [1969]).

Peters, J.P., Rose, Kane and Stein, JJ., concur. Ordered that the order and judgment is reversed, on the law, with costs to defendant American Home Assurance Company, motion of defendant Nationwide Mutual Insurance Company denied, motion of defendant American Home Assurance Company granted, summary judgment awarded to American, complaint dismissed against it, and it is declared that plaintiff is an insured under the supplementary uninsured/underinsured endorsement of Nationwide's policy.