■ In the Matter of the Arbitration between NASSAU INSURANCE COMPANY, Respondent, and HUSSEIN MAYLOU, Appellant. — In a proceeding to stay arbitration, Hussein Maylou appeals from a judgment of the Supreme Court, Queens County (Graci, J.), dated March 31, 1983, which, *inter alia,* granted the petitioner's application for a permanent stay of arbitration. ¶ Judgment reversed, on the law, with costs, and application for a stay of arbitration denied. ¶ On October 11, 1981, the appellant, Hussein Maylou, was operating a taxicab on the F.D.R. Drive in Manhattan, when it was involved in a minor collision with another vehicle operated by one Erwin Long. The taxicab was insured by the petitioner, Nassau Insurance Company. As the drivers were exchanging credentials on the side of the road, a third vehicle, being operated by its owner Alfonso A. Estupinan, struck the rear of the Long vehicle, propelling it into Mr. Long and Mr. Maylou causing them injury. The Estupinan vehicle was uninsured. ¶ Following the service by Hussein Maylou of a demand for arbitration, the petitioner initiated this proceeding seeking a permanent stay of arbitration claiming that because Hussein Maylou was a pedestrian when the Long vehicle struck him, he is not qualified to recover under the uninsured motorist indorsement and that Mr. Maylou can only proceed against the Motor Vehicle Accident and Indemnification Corporation (Insurance Law, § 5202, subd [A], par 2). Special Term agreed with the petitioner and granted a permanent stay of arbitration. We reverse. ¶ The record shows clearly that Hussein Maylou, upon completion of the exchange of credentials, had every intention to return to his taxicab. As noted by the Court of Appeals in *Matter of Rice v Allstate Ins. Co.* (32 NY2d 6, 10-11), "[w]here a departure from a vehicle is occasioned by or is incident to some temporary interruption in the journey and the occupant remains in the immediate vicinity of the vehicle and, upon completion of the objective occasioned by the brief interruption, he intends to resume his place in the vehicle, he does not cease to be a passenger". Such is the case herein. As an occupant of the vehicle, Hussein Maylou is a covered person under the uninsured motorist indorsement and he may proceed to arbitration against the petitioner. Gibbons, J. P., Brown, Niehoff and Boyers, JJ., concur.