Darrel J. **KLEIN**, Respondent,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,** Appellant,

**Farm Bureau Mutual Insurance Company,** Respondent.

No. C5–89–1771.

Court of Appeals of Minnesota.

Feb. 27, 1990.

Review Denied March 27, 1990.

Keith L. Miller, Moorhead, for Darrel J. Klein.

Paul E. Grinnell, Cheryl L. Anderson, Moorhead, for U.S. Fidelity and Guar. Co.

Steven L. Marquart, Moorhead, for Farm Bureau Mut. Ins. Co.

Considered and decided by FOLEY, P.J., and CRIPPEN and MULALLY *, JJ.

## OPINION

EDWARD D. MULALLY, Judge.

Appellant challenges a judgment declaring that respondent was not "occupying" his vehicle within the meaning of Minn. Stat. § 65B.49, subd. 3a(5) (1988), when he was injured while changing a flat tire. The trial court concluded respondent is entitled to select uninsured motorist coverage from either of two insurance companies.

We reverse.

## FACTS

The parties stipulated to the following facts.

On July 25, 1988, respondent Darrel J. Klein was driving a 1982 Chevrolet S–10 pickup owned by his wife, Joyce, on Clay County Highway 7, looking for work as a custom harvester. A tire went flat and Klein pulled over to the side of the road.

Klein got out to change the tire and got equipment out of the truck to jack up the vehicle. He remembers that he got the vehicle jacked up, but cannot remember whether he actually got the tire off.

He remembers seeing a vehicle in the distance which may have been a loaded truck, but does not recall if it went by or how long it was. In any event, a passing vehicle apparently side-swiped the Klein pickup and Klein was injured.

Klein does not remember getting bumped or hit. The next thing he remem-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

bers is throwing up in the pickup. At this point, apparently the tire had been changed, and Klein drove to his brother-in-law's house.

At the time of the accident, the Kleins' pickup was covered by an insurance policy issued by respondent Farm Bureau Mutual Insurance Company (Farm Bureau) with a limit of $250,000 for uninsured motorist coverage. The Kleins' eight other vehicles were covered by a policy issued by appellant United States Fidelity and Guaranty Company (USF & G) with a $500,000 limit.

(End of Stipulated Facts)

Klein sought to recover uninsured motorist benefits from USF & G, pursuant to Minn.Stat. § 65B.49, subd. 3a(5), alleging his pickup was struck by an unidentified and unidentifiable hit-and-run vehicle. USF & G denied liability on the grounds that Klein was "occupying" the pickup when he was injured and should be required to seek recovery from Farm Bureau. Farm Bureau, however, denied liability on the grounds that Klein was *not* "occupying" the pickup at the time of the accident.

The trial court concluded Klein was not occupying the pickup insured by Farm Bureau at the time he was injured and was therefore entitled to select uninsured motorist coverage from either of the two insurance companies.

## ISSUE

Did the trial court err in concluding that at the time he was injured Klein was not "occupying" his pickup, within the meaning of Minn.Stat. § 65B.49, subd. 3a(5), thereby entitling him to select uninsured motorist benefits from the USF & G policy which insured his other vehicles?

## ANALYSIS

■ When reviewing a summary judgment where the facts are not in dispute, the trial court's decision will be reversed only when it has erred in the application of the law. *Glen Paul Court Neighborhood Association v. Paster*, 437 N.W.2d 52, 55 (Minn.1989). A conclusion based on the application of the no-fault insurance stat-

ute to a set of undisputed facts is a conclusion of law to which this court is not bound. *Lanners v. National Family Insurance Co.*, 424 N.W.2d 95, 96 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. July 28, 1988).

Minn.Stat. § 65B.49, subd. 3a(5) (1988) provides in pertinent part as follows:

If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle.

* * *

If at the time of the accident the injured person is not occupying a motor vehicle, the injured person is entitled to select any one limit of liability for any one vehicle afforded by a policy under which the injured person is insured.

USF & G contends Klein was an occupant of the pickup insured by Farm Bureau at the time he was injured and must therefore seek uninsured motorist benefits from the Farm Bureau policy. It argues that because no statutory definition is given for the term "occupying" in the Minnesota No-Fault Act, the word should be interpreted as it has been defined by courts construing similar terms.

In reaching our decision in the instant case, we adopt the line of reasoning set forth in *Balderrama v. Milbank Mutual Insurance Co.*, 324 N.W.2d 355 (Minn. 1982). In *Balderrama*, the supreme court held that the driver of an automobile, who was struck from behind by another vehicle while he was standing outside the rear of his automobile filling his empty gas tank, retained "driver" status and was therefore not entitled to recover basic economic loss benefits from the other driver's no-fault insurer. Although the claimant argued he was not a "driver" because he was outside the vehicle, the court disagreed, reasoning that the term "driver" suggests a notion of responsibility and not a strict geographic restriction. *Id.* at 358.

■ Other jurisdictions have liberally construed "occupying" to refer to a reasonable geographic perimeter around a vehicle or a continuing relationship between a ve-

hicle and the claimant. In *Robson v. Lightning Rod Mutual Insurance Co.*, 59 Ohio App.2d 261, 393 N.E.2d 1053 (1978), the court concluded a person loading a stereo into a car's trunk was "occupying" it when he was injured by an uninsured motorist. The court reached its decision after examining the immediate relationship between the claimant and the vehicle within a reasonable geographic perimeter. *Id.*, 59 Ohio App.2d at 264, 393 N.E.2d at 1055.

Similarly, the court in *Mackie v. Unigard Insurance Co.*, 90 Or.App. 500, 752 P.2d 1266 (1988), held that a driver who was struck by an uninsured motorist while removing an article from the vehicle's trunk was "occupying" her vehicle. The court explained that a person is an "occupant" of a vehicle

until the person has completed all acts reasonably expected to be performed under the circumstances or reasonably incident to the disembarking process and commences a new course of conduct.

*Id.*, 90 Or.App. at 503, 752 P.2d at 1268.

Finally, in *DeStefano v. Oregon Mutual Insurance Co.*, 762 P.2d 1123 (Utah App. 1988), the court held that a driver pouring gasoline into the tank of his vehicle was "occupying" it when he was struck by another vehicle, even though he left his vehicle at least 20 minutes earlier and returned in another vehicle. The court reasoned the injured driver "had every intention of immediately resuming his journey," and his actions suggested a "course of conduct reasonably incidental to being 'in, upon, or entering into' the vehicle." *Id.* at 1126.

At the time of his injury, a continuing relationship existed between Klein and his vehicle; he was changing the tire for the purpose of resuming his trip. Klein remained within a close geographic perimeter of his vehicle and, in fact, re-entered his pickup and drove to his brother-in-law's house after he was injured.

## DECISION

The trial court erred in concluding Klein was not "occupying" his pickup within the meaning of Minn.Stat. § 65B.49, subd.

3a(5) when he sustained his injury. Thus, Klein is not entitled to select uninsured motorist benefits from USF & G and must instead seek recovery from Farm Bureau.

Reversed.