HORACE MANN INSURANCE
COMPANY, Respondent,

v.

Eric NEUVILLE, Appellant.

No. C7–90–1888.

Court of Appeals of Minnesota.

Feb. 5, 1991.

Review Denied March 27, 1991.

William D. Foster, Jefferson, Priesz & Foster, Minneapolis, for appellant.

William K. Strifert, Strifert Law Firm, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and CRIPPEN and GARDEBRING, JJ.

## OPINION

RANDALL, Judge.

Respondent Horace Mann Insurance Company (Company) brought a declaratory judgment action seeking a determination that appellant Eric Neuville was occupying an uninsured motor vehicle at the time of his injuries. Therefore, he is precluded from asserting coverage under a policy issued by Company. The parties stipulated to the facts, and both moved for summary judgment. The trial court granted Compa-

ny's motion for summary judgment, and Neuville has appealed. We affirm.

### FACTS

Appellant was injured in an automobile accident on September 26, 1986. Appellant had been driving a 1978 Mazda GLC which he owned and failed to insure. The Mazda broke down, and appellant's mother, with her car, pushed the Mazda along County Road 5 to its intersection with 138th Street. Appellant's mother's car started to overheat, and she left to get help. Appellant stayed with his car.

A 1979 Ford Fiesta, owned and operated by David Perona, struck the rear of appellant's Mazda. The collision pushed the Mazda forward causing personal injuries to appellant who was standing somewhere in front of his car.

At the time of the accident, appellant's mother was insured under an automobile insurance policy issued by Company. Appellant was also an insured under the terms of the policy. Appellant sought underinsured motorist benefits from Company. Company commenced the present declaratory judgment action contending appellant is precluded from recovering underinsured motorist benefits by his failure to insure his car. Both parties stipulated to the pertinent facts and moved for summary judgment. The trial court determined that appellant was "occupying" an uninsured motor vehicle at the time of the accident and is precluded from recovering underinsured motorist benefits. Neuville has appealed.

### ISSUE

Did the trial court err in determining appellant was occupying his uninsured car at the time of the accident?

### ANALYSIS

The trial court's decision was based on its application of statutory and case law to undisputed facts. As such, it is a conclusion of law which does not bind this court. *See A.J. Chromy Constr. Co. v. Commercial Mechanical Serv., Inc.*, 260 N.W.2d 579, 582 (Minn.1977); *Madden v. Home Ins. Co.*, 367 N.W.2d 676 (Minn.App.1985).

Uninsured and underinsured motorist coverages are required in all Minnesota automobile insurance policies. Minn.Stat. § 65B.49, subd. 3a (1988). That section further provides:

> If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle.  * * *
>
> The uninsured and underinsured motorist coverages required by this subdivision do not apply to bodily injury of the insured while occupying a motor vehicle owned by the insured, unless the occupied vehicle is an insured motor vehicle.

Minn.Stat. § 65B.49, subd. 3a(5), (7).

The issue before us is whether appellant was occupying his motor vehicle at the time of the accident. If he was occupying it, then recovery is precluded under section 65B.49, subdivision 3a(7). If he was not occupying it, then appellant will be entitled to recover under his mother's policy.

The No–Fault Act does not define "occupying." However, the act does provide that an individual is entitled to benefits for injuries "arising out of maintenance or use of a motor vehicle." Minn.Stat. § 65B.46, subd. 1 (1988). "Maintenance or use of a motor vehicle" is defined as "maintenance or use of a motor vehicle as a vehicle, *including*, incident to its maintenance or use as a vehicle, *occupying, entering into, and alighting from it.*" Minn.Stat. § 65B.43, subd. 3 (1988) (emphasis added).

This court has recently held that an insured was occupying his pickup truck when he was struck by a hit-and-run driver while changing a flat tire. *See Klein v. United States Fidelity and Guar. Co.*, 451 N.W.2d 901 (Minn.App.1990), *pet. for rev. denied* (Minn. March 27, 1990). The *Klein* court construed "occupying" to "refer to a reasonable geographic perimeter around a vehicle or a continuing relationship between a vehicle and the claimant." *Klein*, 451 N.W.2d at 903–904.

The *Klein* decision relied on *Balderrama v. Milbank Mut. Ins. Co.*, 324 N.W.2d 355 (Minn.1982), in which the Minnesota Supreme Court reasoned that the term "driver" suggests a notion of responsibility and not a strict geographic notion. In illustrating the point, the *Balderrama* court noted the following hypothetical:

> [I]f a police officer had approached [Balderrama] on the highway * * * and had asked, "Are you the driver of this vehicle?"—certainly an answer of, "No, I am not behind the steering wheel" would not be acceptable.

*Balderrama*, 324 N.W.2d at 357 n. 2. The court concluded Balderrama had retained his status as a driver. *Id.* at 358.

We find *Klein* and *Balderrama* persuasive. We acknowledge the facts in *Klein* and *Balderrama* are stronger than the facts in the present case. The acts of changing a tire (*Klein*) and putting gas in a car (*Balderrama*) were set out by eyewitnesses and not in dispute. We agree the lack of eyewitnesses, and the serious and memory disabling injuries suffered by appellant provide a sketchy record. But we note that both sides agree this case must be decided on the factual basis presented because that is all the facts there are. Neither side knows, for instance, precisely how far appellant was standing from his car when hit, how long he had been waiting, or why he was standing somewhere idle on the roadway in front of his vehicle.

■ However, on the limited facts available, we affirm the trial court's conclusion appellant was "occupying" his car at the time of his accident. The trial court properly found at least some degree of a continuing relationship between appellant and his car. Appellant had been driving his car prior to the accident. While his mother pushed appellant's car with her own car, appellant remained in his car to steer it. When his mother's car overheated, appellant remained with his car while his mother tried to find help. The relationship between appellant and his car in driving it, steering it when disabled, and staying close by until help came was a continuous and uninterrupted relationship.

As the Louisiana Court of Appeals has stated,

> it is not physical *contact* with the vehicle that serves as a basis to determine whether a person is injured *while* alighting from a vehicle but it is the *relationship* between the person and the vehicle, obviously of time and in distance with regard to the risk of alighting, that determines this specific coverage. * * * When the time and distance factors are no longer proximate to the risk to which a person exposes himself while alighting from a vehicle, as they were in [*Breard v. Haynes*, 394 So.2d 1282 (La.App. 1981)], certainly the *Breard* result should be pronounced. That person at some time and at some distance "loses" the UM protection. * * * Certainly no absolute rule can be stated because this determination must be made upon the circumstances of the particular case.

*Day v. Coca-Cola Bottling Co., Inc.*, 420 So.2d 518, 520 (La.Ct.App.1982) (emphasis in original) (citations omitted); *see also Matter of Nassau Ins. Co.*, 103 A.D.2d 780, 477 N.Y.S.2d 415 (N.Y.App.Div.1984) (cab driver who got out of cab to exchange information with driver of car that cab had struck and was then hit by a third car while outside of cab was held to have been occupying cab).

We note the Minnesota Supreme Court has exhibited considerable reluctance to allow any recovery by uninsured drivers of uninsured vehicles. As the court noted in *Mickelson v. Am. Fam. Mut. Ins. Co.*, 329 N.W.2d 814 (Minn.1983):

> To extend entitlement under the assigned claims plan to an owner who has intentionally removed himself from the status of an insured under the security covering his vehicle in order to avoid the payment of the additional premiums attributable to his poor driving record would be an unwarranted subversion of the clear legislative expression of intent.

*Id.* at 818. Similarly, in *Balderrama*, the court stated:

The legislature is not charitable to uninsured persons driving uninsured vehicles. For the no-fault system to work, persons must contribute premiums to the insurance pool; otherwise, responsible persons carrying insurance become the insurers of those unwilling to pay the true costs involved in establishing a viable no-fault insurance system.

*Balderrama,* 324 N.W.2d at 358.

Appellant contends we should look only to the definition of "occupying" in his mother's policy. Company argues we should ignore the policy definition, since appellant must prove he was not occupying his own car in order to reach his mother's policy. Even if we accept appellant's argument, the policy he urges as controlling defines "occupying" to mean "in, on, entering or alighting from." We accept the trial court's conclusion that the totality of appellant's actions, including getting out of his car and waiting for help, are encompassed by the term "alighting."

### DECISION

Appellant was "occupying" his uninsured motor vehicle at the time of the accident and is precluded from recovering underinsured motorist benefits.

Affirmed.