William Patrick CONLIN, Respondent,

v.

CITY OF EAGAN, Defendant and Third–Party Plaintiff,

v.

Steven M. KOUTEK, et al., Third–Party Defendants,

and

Northwestern National Insurance Company, Intervenor, Appellant.

No. C1-91-2142.

Court of Appeals of Minnesota.

March 31, 1992.

Gerald A. Kennedy, Hutton & Kennedy, Minneapolis, for respondent.

David M. Bolt, Stephen O. Plunkett, Rider, Bennett, Egan & Arundel, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and KALITOWSKI and SCHUMACHER, JJ.

## OPINION

LANSING, Judge.

Northwestern National challenges the trial court's determination that an injured tow truck driver was an occupant of the truck for purposes of an uninsured motorist policy. We affirm.

## FACTS

William Conlin, employed by Mark's Towing, responded to a call to tow a car stopped by Eagan police for faulty headlights. The police officer asked Conlin to remove the car's license plates before tow-

ing because they had been revoked for failure to insure.

Conlin parked the tow truck about ten feet in front of the car and lowered the sling in preparation for towing. He conferred with the police officer behind the car, walked to the front to determine what tools he needed to remove the license plates, went to the tow truck to obtain the tools, and walked back to the car. As Conlin crouched down to remove the car's front license plate, an uninsured pickup truck struck the car from behind, pushing it into Conlin and injuring him.

Conlin claimed uninsured motorist benefits from Northwestern National, which insured the tow truck. The policy provided uninsured coverage to anyone "occupying" the truck, defining "occupying" as "in, upon, getting in, on, out or off." Conlin also sued the City of Eagan, and Northwestern National intervened. Both Northwestern National and Conlin moved for summary judgment. Northwestern National appeals the summary judgment ruling that Conlin was occupying the tow truck.

### ISSUE

Did the trial court err in determining Conlin was "occupying" the tow truck at the time of the accident?

### ANALYSIS

■ This court has construed "occupying" to refer to a reasonable geographic perimeter around a vehicle or a continuing relationship between a vehicle and an injured person. *Klein v. United States Fidelity and Guar. Co.*, 451 N.W.2d 901, 903–04 (Minn.App.1990), *pet. for rev. denied* (Minn. March 27, 1992). The nature of the injured person's activity, considering time and distance factors, determine the existence of a continuing relationship or a reasonable geographic perimeter. *Id.* at 904; *Horace Mann Ins. Co. v. Neuville*, 465 N.W.2d, 432, 434 (Minn.App.1991) (quoting *Day v. Coca–Cola Bottling Co.*, 420 So.2d 518, 520 (La.Ct.App.1982)), *pet. for rev. denied* (Minn. Mar. 27, 1991).

■ In construing the term "occupying," this court has relied on *Balderrama v. Milbank Mut. Ins. Co.*, 324 N.W.2d 355 (Minn.1982). *See Klein*, 451 N.W.2d at 903; *Neuville*, 465 N.W.2d at 434. In *Balderrama* the supreme court held that a claimant struck while standing on the highway putting gas in his car was a "driver or other occupant" of his car. *Balderrama*, 324 N.W.2d at 358. The court stated, "the term 'driver' connotes a position of responsibility, not necessarily just a position of geography." *Id.* at 357.

Adopting this analysis, this court in *Klein* held that a claimant struck by a passing vehicle as he changed a flat tire on his truck was occupying the truck for purposes of uninsured motorist coverage. *Klein*, 451 N.W.2d at 904. Klein had a continuing relationship with the truck because he intended to resume his trip immediately after changing the tire, and despite his injuries got back in the truck and drove to his destination. *Id.*

Similarly, in *Neuville*, this court held that a claimant struck by a passing car as he waited outside his stalled car was an occupant of his car. *Neuville*, 465 N.W.2d at 434. Neuville maintained a continuous and uninterrupted relationship with the car because he had been driving the car, then steering it as his mother pushed it with her car, and finally waiting with it until help came. *Id.*

Other jurisdictions considering the scope of "occupying" have arrived at similar results. For instance, a passenger struck while standing behind the car waiting to help attach tire chains was "upon" the car because of his proximity and car-related activity. *Manning v. Summit Home Ins. Co.*, 128 Ariz. 79, 623 P.2d 1235 (Ariz.Ct. App.1980), *pet. for rev. denied* (Ariz. Dec. 9, 1980). A driver involved in an accident who was then struck while standing by an investigating police car was determined to be an occupant because he had not severed his connection with the vehicle. *Utica Mut. Ins. Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984). A Michigan appellate court determined that a tow truck driver injured by an out-of-control car as he

winched a stranded car from the ditch was an occupant under a standard no-fault policy. *Davis v. Auto Owners Ins. Co.*, 116 Mich.App. 402, 323 N.W.2d 418 (1982).

In deciding motorist coverage disputes, Minnesota courts have attempted to compensate losses resulting directly from motoring and to leave to other forms of insurance and compensation systems those losses which are tangential to motorists. *Krupenny v. West Bend Mut. Ins. Co.*, 310 N.W.2d 133, 135 (Minn.1981). Northwestern National does not dispute that the tow truck was used for transportation purposes. Conlin was on the road, exposed to the hazard of passing cars because of his responsibility as the driver of the truck, and the Northwestern National policy was intended to cover the risks associated with the commercial enterprise of towing. *See Garrick v. Northland Ins. Co.*, 469 N.W.2d 709, 712 (Minn.1991).

We conclude that Conlin did not sever his status as an occupant of the tow truck. Conlin arrived at the scene in the truck minutes before the accident, had returned to the truck to retrieve his tools, and was preparing the car for towing at the time he was struck. Had the accident not occurred, he would have immediately driven the truck back to his place of employment. Conlin's activities were in close proximity to the truck and part of his continuing connection to it.

### DECISION

The trial court correctly concluded that Conlin was an occupant of the tow truck at the time of the accident for purposes of uninsured motorist coverage.

Affirmed.