**ALLIED MUTUAL INSURANCE COMPANY, Respondent,**

v.

**WESTERN NATIONAL MUTUAL INSURANCE COMPANY, Appellant.**

No. C2–95–490.

Court of Appeals of Minnesota.

Sept. 12, 1995.

Review Granted Nov. 15, 1995.

George C. Ramler, Ramler, Hellmuth & Johnson, P.A., Minneapolis, for respondent.

Dan T. Ryerson, Gislason, Martin & Varpness, P.A., Edina, for appellant.

Considered and decided by PETERSON, P.J., and LANSING and SCHUMACHER, JJ.

## OPINION

PETERSON, Judge.

In this action to determine primacy of uninsured motorist coverage under Minn.

Stat. § 65B.49, subd. 3a(5) (1988), Western National Mutual Insurance Company argues the district court erred in granting summary judgment for respondent Allied Mutual Insurance Company on grounds that the injured person was occupying the vehicle insured by Western. We affirm.

## FACTS [1]

Appellant Western National Mutual Insurance Company insured a car owned by Malcolm McMillan. Respondent Allied Mutual Insurance Company provided motor vehicle insurance to Marla Decker. Both policies included uninsured motorist coverage.

On May 27, 1989, Decker, McMillan, and Collette Adelman rode in McMillan's car to a bar. The group spent about four hours in the bar then returned to McMillan's car, which was parked in the adjacent parking lot. There, Decker and Adelman stood next to the passenger side waiting for McMillan to unlock the car. McMillan had difficulty unlocking the car because he had broken the key off in the lock earlier that day.

Decker and Adelman moved to the driver's side of the car. Decker stood next to McMillan near the door and Adelman stood near the front quarter-panel. Decker and Adelman discussed the situation with McMillan and watched as he tried to open the door. Neither Decker nor Adelman tried to open the door and neither tried to help McMillan open the door.

A car driven by Brock Larson then sped through the parking lot. Larson lost control of his car and it hit McMillan and Decker before hitting McMillan's car. When Decker was hit, she was not touching McMillan's car. She was standing next to the car, near McMillan, watching him try to open the door.

Larson had no motor vehicle insurance. After arbitration, Allied paid Decker's $10,000 uninsured motorist claim. Allied then sought indemnity from Western arguing that under Minn.Stat. § 65B.49, subd. 3a(5) (1988), Western's uninsured motorist cover-

age was primary because Decker was occupying McMillan's car when she was injured. Western argued that Decker was not occupying McMillan's motor vehicle at the time of the injury and her choice to collect uninsured benefits from her own insurer was, therefore, conclusive. The parties made cross motions for summary judgment.

The district court granted summary judgment for Allied and denied Western's motion. The court stated Decker had a continuing and uninterrupted relationship with the McMillan vehicle sufficient to show that she was occupying the vehicle for purposes of Minn.Stat. § 65B.49, subd. 3a(5).

## ISSUE

Was Decker occupying McMillan's vehicle when the accident occurred?

## ANALYSIS

■ On appeal from a summary judgment, we must examine the record to determine whether any genuine issue of material fact exists and whether the district court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988).

A conclusion based on the application of the no-fault insurance statute to a set of undisputed facts is a conclusion of law to which this court is not bound.

*Klein v. United States Fidelity & Guar. Co.,* 451 N.W.2d 901, 903 (Minn.App.1990), *review denied* (Minn. Mar. 27, 1990); *see also Schumacher v. Ihrke,* 469 N.W.2d 329, 332 (Minn. App.1991) (statutory interpretation is question of law subject to de novo review).

■ Minn.Stat. § 65B.49, subd. 3a(5) (1988) provides:

If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. * * *

1. The parties submitted stipulated facts for the summary judgment motion.

If at the time of the accident the injured person is not occupying a motor vehicle, the injured person is entitled to select any one limit of liability for any one vehicle afforded by a policy under which the injured person is insured.

Minn.Stat. § 65B.49, subd. 3a(5) reflects "a broad policy decision to tie uninsured motorist and other coverage to the particular vehicle involved in an accident." *Thommen v. Illinois Farmers Ins. Co.*, 437 N.W.2d 651, 653 (Minn.1989) (footnote omitted).

The No–Fault Insurance Act does not define "occupying" a motor vehicle. *See* Minn. Stat. § 65B.43 (1988) (definitions). In interpreting Minn.Stat. § 65B.49, subd. 3a(5), this court has

> construed "occupying" to "refer to a reasonable geographic perimeter around a vehicle or a continuing relationship between a vehicle and the claimant."

*Horace Mann Ins. Co. v. Neuville*, 465 N.W.2d 432, 433 (Minn.App.1991) (quoting *Klein*, 451 N.W.2d at 903–04), *review denied* (Minn. Mar. 27, 1991).

■ When applying the geographic perimeter and continuing relationship test, we consider whether the injury was caused by a risk related to occupying the motor vehicle. *See, e.g., Christensen v. General Accident Ins.*, 482 N.W.2d 510, 512–13 (Minn.App. 1992) (person who slipped and fell while leaning on car hood for support not injured by risk associated with motoring), *review denied* (Minn. May 15, 1992). When the nature of the injured person's activity shows the injury was caused by a risk not associated with motoring, there is no justification for awarding benefits for the injury under the No–Fault Insurance Act. *Id.* at 513; *see also Gieser v. Home Indem. Co.*, 484 N.W.2d 256, 258 (Minn.App.1992) (at some point, time and distance factors are too attenuated to find coverage); *Conlin v. City of Eagan*, 482 N.W.2d 519, 521 (Minn.App.1992) (in deciding coverage disputes, courts attempt to compensate only losses resulting directly from motoring).

■ The nature of Decker's activity shows she had established a continuing relationship with the McMillan vehicle and was standing within a reasonable geographic perimeter around the vehicle. When she was injured, Decker was standing immediately next to McMillan's car. *See Neuville*, 465 N.W.2d at 434 (person standing in front of car waiting for help was occupying car); *Klein*, 451 N.W.2d at 904 (driver changing tire was in close proximity to car); *cf. Gieser*, 484 N.W.2d at 258 (person more than ten feet from car not occupying vehicle).

More importantly, when Decker was injured, she was standing next to McMillan's car waiting to get into it. *See Klein*, 451 N.W.2d at 904 (person is occupying motor vehicle when actions suggest course of conduct reasonably incidental to entering or being in vehicle). For a passenger who has no key to a car, waiting for another to unlock the door to permit entry to the vehicle is a necessary part of using the vehicle for transportation purposes. Because Decker was waiting for McMillan to unlock the door to allow her to enter the car, she had established a continuing relationship with the vehicle when she was injured.

Finally, the fact that the door could not be unlocked immediately because of the broken key did not alter Decker's continuing relationship with the vehicle. When Decker was injured, she had not yet left the car's side nor abandoned her intent to enter the vehicle to travel to her destination. Instead, she waited next to the car and was ready to enter it if McMillan managed to open the door. Under these facts, Decker was occupying the McMillan vehicle when injured. *See Neuville*, 465 N.W.2d at 434 (person was occupying car when standing in front of it waiting for help to arrive); *cf. Christensen*, 482 N.W.2d at 513 (relationship with car ended because injured person did not intend to remain with vehicle and began new activity by walking away from car).

Western argues the active accessory test set forth in *Continental W. Ins. Co. v. Klug*, 415 N.W.2d 876, 878 (Minn.1987) must be used to determine whether a person was occupying a motor vehicle under Minn.Stat.

§ 65B.49, subd. 3a(5). We disagree. The issue in *Klug* was whether the accident arose out of the use of the motor vehicle. *Id.* at 877. Here, the issue is whether Decker was occupying a motor vehicle for purposes of Minn.Stat. § 65B.49, subd. 3a(5). The *Klug* test does not apply. *See Christensen,* 482 N.W.2d at 513 (refusing to apply *Klug* test to determine if injured person was occupying a motor vehicle); *see also Gieser,* 484 N.W.2d at 258 (applying geographic perimeter and continuing relationship test to determine whether injured person was occupying vehicle); *Conlin,* 482 N.W.2d at 520 (same); *Neuville,* 465 N.W.2d at 434 (same); *Klein,* 451 N.W.2d at 904 (same).

## DECISION

Decker was within a reasonable geographic perimeter around and had a continuing relationship with the McMillan vehicle when the accident occurred. Thus, for purposes of Minn.Stat. § 65B.49, subd. 3a(5), Decker was occupying the McMillan vehicle when injured and Western's policy covering the McMillan vehicle was primary. The district court properly granted summary judgment for Allied.

**Affirmed.**