Randall L. SHORT, Appellant,

v.

**MIDWEST FAMILY MUTUAL
INSURANCE COMPANY,**
Respondent.

No. C8–99–390.

Court of Appeals of Minnesota.

Dec. 14, 1999.

Mark A. Lund, Paige J. Donnelly, Ltd., St. Paul, for appellant.

Dale M. Wagner, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for respondent.

Considered and decided by SHUMAKER, Presiding Judge, DAVIES, Judge, and WILLIS, Judge.

## OPINION

SHUMAKER, Judge.

Appellant Randall L. Short challenges the district court's grant of summary judgment in favor of respondent Midwest Family Mutual Insurance Company, arguing the district court's construction of the term "occupying" as defined in an underinsured motorist policy written by respondent was incorrect. We affirm.

## FACTS

Tow truck driver Randall Short was injured on March 25, 1996, as he prepared to tow a stalled automobile. He had just locked the car onto a lift device and was walking toward the lift controls at the rear of the tow truck when a pickup truck collided with the car and pushed it into Short.

Short recovered applicable liability insurance proceeds. He then brought an action against his employer's insurer, Midwest Family, to obtain underinsured motorist benefits. Midwest Family denied coverage on the ground that Short is not an insured under his employer's policy.

The Midwest Family policy covers any person "occupying" an insured vehicle. The policy defines "occupying" as "in, upon, getting in, on, out or off." Arguing that Short was not occupying the tow truck at the time of his injury, Midwest Family moved for summary judgment. The district court ruled that the plain language of the policy precluded coverage for a person "standing near or walking towards" an insured vehicle, and granted Midwest Family's motion. Short appealed.

## ISSUE

An insurance policy covers any person "occupying" the insured vehicle and defines "occupying" as being "in, upon, getting in, on, out or off" the vehicle. Did the district court err by ruling that a person standing near or walking toward the vehicle is not occupying the vehicle?

## ANALYSIS

On appeal from summary judgment, the reviewing court asks whether any genuine issue of material fact exists and whether the district court erroneously applied the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The facts of this case are not in dispute. Rather, it is the district court's interpretation and application of insurance contract language that is contested. "[T]he interpretation of insurance contract language is a question of law as applied to the facts presented." *Meister v. Western Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn. 1992). We review such questions of law de novo. *American Commerce Ins. Brokers, Inc. v. Minnesota Mut. Fire & Cas. Co.*, 551 N.W.2d 224, 227 (Minn.1996).

The district court concluded that, because Short was walking toward the back of the tow truck when he was injured, he was not "in, upon, getting in, on, out of or off" the insured vehicle. Thus, he was not "occupying" the truck.

Short argues that the district court's plain-language interpretation was too restrictive and that the court failed to consider the context of the language and the causal connection between the vehicle and the injury.

In *Conlin v. City of Eagan*, 482 N.W.2d 519 (Minn.App.1992), we held that a tow truck driver who was near his truck preparing to tow a car was "occupying" the truck when he was injured. The insurance policy definition of "occupying" in *Conlin* was exactly the same as the definition here. But we applied an expansive meaning to the term, construing it "to refer to a reasonable geographic perimeter around a vehicle or a continuing relationship between a vehicle and an injured person." *Id.* at 520.

If *Conlin* were the last word on the issue of what "occupying" means, Short would qualify for coverage. He not only was within a reasonable geographic perimeter of the truck but also was maintaining a continuous, uninterrupted relationship to the truck. However, the Minnesota Supreme Court in *Allied Mut. Ins. Co. v. Western Nat'l Mut. Ins. Co.*, 552 N.W.2d 561 (Minn.1996), strongly disapproved both the "geographic perimeter" and "continuing relationship" constructions in favor of the plain-language definition of "occupying" in the insurance contract. Although it did not expressly overrule *Conlin*, the supreme court's pointed rejection of the "relationship" and "geographic perimeter" tests when an insurance policy defines "occupying" could not be clearer.

In *Allied Mutual*, an automobile passenger was struck by another vehicle as she stood outside the automobile waiting for the driver to try to unlock the door. The supreme court applied the term "occupying" as defined by the insurance policy— exactly the same definition as here—and held that the passenger was not occupying the automobile when she was injured. As to the "relationship" test, the court said that any relationship would reasonably "be limited to one's own vehicle," and that the "reasonable geographic perimeter" approach imbued the term "occupying" with "an ambiguity inviting creative definition." *Id.* at 563. The court then held:

> The policy definition is plain and straightforward and affords no excuse for creating some recondite definition which can be molded to fit whatever conclusion is convenient. Consequently, we are constrained to adhere to the policy definition.

*Id.* And, although the court went on to say that there must also be some causal connection between the vehicle and the injury, the starting point is the policy definition, if there is one, or common usage, if there is no specific policy definition.

In view of *Allied Mutual*, we hold that the district court did not err in applying the plain meaning of the policy definition of "occupying" here. We also reject Short's suggestion that the words "upon" and "on" are entitled to a broader interpretation than that given by the district court. Short cites dictionary definitions of those terms that include being "near to" and "in proximity to." He cites, for example, "a house on the lake." The usage of "on" in that example is figurative rather than literal. We have no reason whatsoever to believe that the insurance policy language here was intended to be anything other than literal.

## DECISION

The district court did not err in applying the plain-language definition of "occupying" in the insurance contract.

**Affirmed.**